UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., AND HOOKLESS SYSTEMS OF NORTH AMERICA, INC. | Civil Action No. |
| Plaintiffs, | |
| v. | (JURY TRIAL DEMANDED) |
| KARTRI SALES COMPANY, INC. | |
| Defendant. | |

**COMPLAINT**

Plaintiffs Focus Products Group International, LLC ("Focus"), Zahner Design Group, Ltd. ("ZDG"), and Hookless Systems of North America, Inc. ("HSNA") (collectively, "Plaintiffs") by their attorneys, hereby complain of Defendant Kartri Sales Company, Inc. ("Defendant") as follows:

**<u>JURISDICTION AND VENUE</u>**

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq*., and for unfair competition under the law of the State of New York.  This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338, and has jurisdiction over the state claims under 28 U.S.C. §1338(b) and further pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.  The state claims asserted herein are so related to the federal claims as to form part of the same case or controversy.

2.      This action arises from Defendant's use, sale, offer for sale, and/or importing of products, and conduct of activities, that infringe Plaintiffs' patent.

3.      This action is also related to Civil Action No. 1:15-cv-05108 (PAE) previously filed within this district, in that, *inter alia*, both actions involve the same Plaintiffs, the same Defendant, and the same accused products.  The present action is brought due to the recent issuance of an additional patent to Plaintiffs, which patent is also infringed by Defendant's accused products.

4.      This Court has personal jurisdiction over Defendant in that Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district and have intentionally directed its tortious activities toward the State of New York, including this judicial district. Defendant has committed acts of intellectual property infringement in New York, including this judicial district, and has delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York, including this judicial district. Defendant has sold or offered for sale products, including products that are the subject of this Complaint, to consumers in the State of New York, including this judicial district.

5.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b) - (d) and 28 U.S.C. §1400(b), in that Defendant is a corporation subject to personal jurisdiction within this judicial district and have committed acts of patent infringement in this judicial district.

## THE PARTIES

1.      Plaintiff Zahner Design Group, Ltd. is a corporation organized and existing under the laws of the State of New York having a principal place of business at 145 West 78th Street, New York, NY 10024.  ZDG is the owner of the patents that are the subject of this Complaint.

2.      Plaintiff Hookless Systems of North America, Inc. is a corporation organized and existing under the laws of the State of New York having a principal place of business at 179 Christopher Street, New York, NY 10014.  HSNA is the exclusive licensee of ZDG's intellectual property that is the subject of this Complaint.

3.      Plaintiff Focus Products Group International, LLC is a corporation organized and existing under the laws of the State of Illinois having a principal place of business at 300 Knightsbridge Parkway, Suite 500, Lincolnshire, IL 60069.  Focus is the exclusive licensee of HSNA's intellectual property for shower curtains.

4.      Defendant Kartri Sales Company, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania having a principal place of business at 100 Delaware Street PO Box 126, Forest City, PA 18421. Upon information and belief, Kartri Sales Company, Inc. distributes furniture and other home accessories, including shower curtains, for sale in the United States.

## FACTS

### PLAINTIFFS' PATENT

5.      David Zahner of ZDG is the inventor of new technology and designs, including new inventions relating to shower curtains.

3

6.     Plaintiffs' unique and innovative shower curtains are well known throughout the United States and foreign countries as a result of the popular products that Plaintiffs have designed, introduced, and commercialized in interstate and international commerce.

7.     On December 29, 2015, United States Design Patent No. D746,078 entitled "Shower Curtain" was duly and lawfully issued to ZDG for Mr. Zahner's inventions by the United States Patent and Trademark Office (hereafter "the '078 patent").  A copy of the '078 patent is attached as Exhibit 1 hereto.

8.     Plaintiff ZDG's aforementioned intellectual property has been exclusively licensed to HSNA, who has exclusively licensed that intellectual property to Focus for use on shower curtains.

9.     Plaintiffs invested significant time, funds, and effort into their products.

10.     As a result of Plaintiffs' efforts and promotional, advertising, and marketing activities, Plaintiffs' product designs have become widely known throughout the United States and worldwide.

11.     Plaintiffs' intellectual property, and their associated goodwill, directed to their shower curtains are all valuable assets of Plaintiffs.

**DEFENDANT'S INFRINGEMENT OF
PLAINTIFFS' PATENT**

12.     Defendant is manufacturing, offering for sale, selling, using, and/or importing products embodying the patented design of the '078 patent, and engaging in activities infringing the same.

4

13.     Defendant's products that infringe Plaintiffs' patent include, but are not limited to, Defendant's "Ezy-Hang" shower curtains.

14.     An image of a sample of Defendant's infringing products is attached as Exhibit 2 hereto.

15.     Defendant's bad faith activities have caused and will continue to cause a likelihood of deception and confusion in the marketplace among consumers, and extensive damage to Plaintiffs and their business, goodwill and reputation.

16.     Defendant is illegally profiting from its infringement of Plaintiffs' patented design.

17.     Defendant's acts have been without license or authority of Plaintiffs.

## WILLFUL INFRINGEMENT

18.     Defendant's activities have been deliberate and willful.

19.     Defendant is aware of Plaintiffs' designs, and has deliberately chosen to use, sell, and offer for sale, products intended to copy or imitate those designs.

20.     Defendant's actions have caused and are causing irreparable damage to Plaintiffs.

21.     Plaintiffs have been damaged by Defendant's bad faith activities and will continue to be damaged unless Defendant is restrained and enjoined by this Court.

22.     Plaintiffs have no adequate remedy at law.

23.     Plaintiffs have been damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for Plaintiffs' lost

sales, lost profits, and damage to their reputation and good will, and/or a disgorgement of Defendant's revenues and profits.

## COUNT I
## PATENT INFRINGEMENT:
## (35 U.S.C. §101 *et seq.*)

24.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

25.     This claim arises under 35 U.S.C. §101 *et seq.*

26.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

27.     Defendant's acts constitute infringement of the '078 patent, under 35 U.S.C. §271.

28.     Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.

29.     Defendant is profiting from its infringing activities.

30.     As a result of Defendant's conduct, Plaintiffs are being substantially harmed, and are suffering actual damages, including lost profits, and have been forced to retain legal counsel and pay costs of court to bring this action.

## COUNT II
## UNFAIR COMPETITION UNDER NEW YORK LAW

31.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

32.     This claim arises under the common law of the State of New York.

33.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

6

34.    Plaintiffs have created their designs, and promoted their products, through extensive time, labor, skill and money.

35.    Defendant has misappropriated the results of that labor and skill and those expenditures of Plaintiffs.

36.    Defendant has used designs that are confusingly similar to Plaintiffs', for identical or highly similar goods, in competition with Plaintiffs, gaining an unfair advantage, because Defendant bore little or no burden of expense of development and promotion of those goods.

37.    Defendant's actions have caused significant commercial damage to Plaintiffs.

38.    Defendant's conduct is illegal and actionable under the common law of unfair competition of the State of New York.

39.    Plaintiffs have been injured by Defendant's illegal actions and are entitled to the remedies provided under New York law.

## DAMAGES

40.    Plaintiffs are being irreparably harmed by Defendant's infringing activities, and have no adequate remedy at law.

41.    Plaintiffs have been extensively damaged by Defendant's intellectual property infringement in an amount to be determined by a jury and this Court.

42.    Plaintiffs seek damages as a result of Defendant's infringement which include, but are not limited to:  Plaintiffs' lost sales, lost profits and damage to their reputation and good will; and/or disgorgement of Defendant's revenues and profits; from

Defendant's sales of infringing products, associated parts thereof, and from convoyed sales.

43.     Plaintiffs request that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, including, but not limited to, treble damages under federal law and punitive damages under New York law, in view of the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Plaintiffs, as set forth above.

## JURY TRIAL DEMAND

44.     Pursuant to Rule 38, Fed. R. Civ. P. Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.     That Defendant be adjudged to have engaged in patent infringement of Plaintiffs' rights under United States Design Patent D746,078 ("the '078 patent") under 35 U.S.C. §101 *et seq*.;

B.     That Defendant be adjudged to have engaged in unfair competition under the common law and statutory law of the State of New York.

C.     That the '078 patent, is duly and legally issued by the U.S. Patent Office, and is valid and enforceable;

D.     That each of Defendant, its officers, agents, servants, employees,

representatives, distributors and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Plaintiffs' rights in the patent under 35 U.S.C. §271;

E.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be enjoined pursuant to 35 U.S.C. §283 from making, using, importing, exporting, offering for sale and selling any products and activities which directly infringe the patent under 35 U.S.C. §271;

F.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from offering for sale, selling or marketing merchandise that tends in any way to deceive, mislead or confuse the public into believing that Defendant's merchandise in any way originates with, is sanctioned by, or is affiliated with Plaintiffs;

G.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiffs;

H.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation

with Defendant be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Plaintiffs and Plaintiffs' products;

I.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Plaintiffs;

J.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further acts infringing Plaintiffs' rights under New York law;

K.      That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

L.      That Defendant be required to account for and pay over to Plaintiffs any and all revenues and profits derived by it and all damages sustained by Plaintiffs by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled, pursuant to 35 U.S.C. §§284 and 289 and all further applicable law;

M.      That Defendant be required to account for and pay over to Plaintiffs such

        actual damages as Plaintiffs have sustained as a consequence of

        Defendant's infringement, and that the damages relating to patent

        infringement be trebled pursuant to 35 U.S.C. §284; and that Defendant be

        required to account for and pay to Plaintiffs all of Defendant's gains,

        revenues, profits and advantages attributable to or derived by Defendant's

        infringement;

N.      That each such award of damages be enhanced to the maximum available

        for each infringement in view of Defendant's willful infringement of

        Plaintiffs' rights;

O.      That Defendant be required to deliver up for impoundment during the

        pendency of this action, and for destruction thereafter, all copies of the

        infringing materials in its possession or under its control and all materials,

        including molds and master models, used for making same;

P.      That Plaintiffs be awarded punitive or exemplary damages under New

        York law because of the egregious, malicious, and tortious conduct of

        Defendant complained of herein;

Q.      That Plaintiffs recover the costs of this action including their expenses and

        reasonable attorney's fees pursuant to 35 U.S.C. §285 and all further

        applicable law, because of the deliberate and willful nature of the

        infringing activities of Defendant sought to be enjoined hereby, which

        make this an exceptional case warranting such award;

11

R.      That Plaintiffs be awarded pre-judgment and post-judgment interest;

S.      That Plaintiffs obtain all further relief permitted under the laws of the

        United States and the State of New York; and,

T.      That Plaintiffs obtain all such other and further relief as the Court may

        deem just and equitable.

Dated: December 30, 2015                    _/s/Morris E. Cohen_____
                                            Morris E. Cohen
                                            Limor Wigder
                                            GOLDBERG COHEN LLP
                                            1350 Avenue of the Americas, 3rd Floor
                                            New York, New York 10019
                                            (646) 380-2087 (phone)
                                            (646) 514-2123 (fax)
                                            MCohen@GoldbergCohen.com
                                            LWigder@GoldbergCohen.com