IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Focus Products Group International, LLC; Zahner Design Group, Ltd; and Hookless Systems of North America, Inc. | ) ) ) ) | |
| Plaintiffs, | ) ) | 1:15-CV-10154 |
| v. | ) ) | (PAE/RLE) |
| Kartri Sales Company, Inc., | ) ) | |
| Defendant, Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Marquis Mills, International, Inc., | ) ) | |
| Third-Party Defendant. | ) ) | |

**THIRD PARTY COMPLAINT UNDER RULE 14, Fed. R. Civ. Proc.**

    1. The underlying civil action between Plaintiffs-in-chief and Defendant/Third-Party Plaintiff is a case for patent infringement, false designation of origin, trademark and trade dress infringement and unfair competition. The underlying civil action allegedly arises under Title 35 of the United States Code and Title 15 of the United States Code, as well under State Law and Common Law.

    2. Plaintiffs-in-chief, Focus Products Group International, LLC; Zahner Design Group, Ltd; and Hookless Systems of North America have brought the underlying action against Kartri Sales Company, Inc., alleging that a certain EZY-HANG shower curtain sold by Defendant/Third-Party Plaintiff Kartri infringes the single Claim of a certain United States Design Patent, to wit, Pat. No D746,078 S, which is the patent in suit.

    3. Defendant/Third-Party Plaintiff Kartri believes that Third-Party Defendant Marquis Mills International, Inc, may be liable to Defendant/Third-Party Plaintiff Kartri for any damages

1

awarded to Plaintiffs-in-chief, depending upon the outcome of the underlying action.

  4. Marquis Mills, International, Inc. is a domestic for-profit company organized under the law of New Jersey, and with principal offices located at 1000 Lenola Road, Maple Shade, New Jersey, which is less than 100 miles outside the geographical boundary of the Southern District of New York.

  5. Marquis Mills, International, Inc. is in the business of wholesale marketing, including importing, of linens, towels and other supplies including shower curtains, and is doing business nationwide, including in this forum state of New York, as well as in the Defendant/Third-Party Plaintiff Kartri's state of residence, Pennsylvania.

  6. Marquis Mills, International, Inc. did and does provide to Kartri the very shower curtains that are the items that Plaintiffs-in-chief are accusing of infringing the patent in suit in the underlying action.

  7. The shower curtains provided by Marquis Mills, International to Kartri incorporate into the upper hem or edge of the curtain flat-top shower curtain rings or buckles that Plaintiffs-in-Chief have identified as the items that they allege to infringe their patents in suit.

  8. The curtain rings or buckles are applied to the upper edges of the shower curtains or headers for shower curtains before they are received by Kartri, and Kartri does not modify or alter those rings or buckles.

  9. Defendant/Third-Party Plaintiff Kartri does not provide nor alter the design specifications for the rings or buckles that are included on the shower curtains that Marquis Mills International, Inc. sells and delivers to Kartri.

  10. The sales of the subject shower curtains from Marquis Mills International to Kartri are subject to an implied warranty against infringement, as provided under the Uniform Commerial Code, Section 2-312, which is in effect in the forum state of New York, in Defendant/Third-Party Plaintiff's state of Pennsylvania, and in Third-Party Defendant's state of New Jersey.

  11. At the time of sale of the subject shower curtains from Third-Party Defendant Marquis Mills International, Inc. to the Third-Party Plaintiff Kartri, the latter had no knowledge that Third-Party Plaintiff Kartri's sales of such shower curtains might infringe or potentially

infringe any patent rights of Plaintiffs-in-chief.

12. Neither Third-party Defendant nor Defendant/Third-party Plaintiff is a citizen or resident as the same state of any of the Plaintiffs-in-chief.

13. Third-party Defendant and Defendant/Third-party Plaintiff are citizens or residents of different states.

14. This Court has personal jurisdiction over the Third-Party Defendant by virtue of the Third-Party Defendant's transaction(s) that resulted in the claim of infringement by the Plaintiffs-in-chief against Defendant/Third-party Plaintiff Kartri.

15. This Court has personal jurisdiction over the Third-Party Defendant by virtue of the Third-Party Defendant's doing business in the forum state.

16. Subject-matter Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1332, 1338 (a) and (b), and 1367; and 15 U.S.C. § 1121, and under this Court's supplemental jurisdiction.

17. Venue in this forum is proper under 28 U.S.C. §§ 1391 (a) (b) and (c). Corporate Third-Party Defendant is considered to reside within the Southern District of New York for venue purposes.

**Wherefore** Third-Party Plaintiff Kartri Sales Company, Inc., respectfully requests that this Honorable Court enter judgment in favor of Third-Party Plaintiff, and enter an order granting the following relief:

**a.** Awarding damages to Third-Party Plaintiff in an amount equal to at least any amount of any Judgment awarded against Defendant/Third-Party Plaintiff resulting from a finding of infringement in the underlying action.

**b.** Awarding court costs and attorney's fees to Third-Party Plaintiff at least in any amount that is awarded to Plaintiffs-in-chief against Defendant/Third-Party Plaintiff.

DATED: February 05, 2016

           Kartri Sales Company, Inc.

        By_____/s/BMolldrem_____
          BERNHARD P. MOLLDREM, JR.
          Bar Roll No BM1960
          Law Office of Bernhard Molldrem

        COUNSEL FOR THIRD-PARTY PLAINTIFF
        224 Harrison Street
        Syracuse, NY 13202
        Tel: (315) 422-4323
        Fax: (315) 422-4318

### CERTIFICATE OF SERVICE

The undersigned duly certifies that a copy of the annexed **THIRD PARTY COMPLAINT** has been served electronically by ECF, upon Counsel for Plaintiffs, at the address(es) indicated below:

Morris E. Cohen and Limor Wigder, Goldberg Cohen LLP, 1350 Avenue of the Americas, 3d Floor, New York NY 10019, email: MCohen@GoldbergCohen.com; LWigder@GoldbergCohen.com

Dated this February 5, 2016          /s/BMolldrem
                                                        Bernhard P. Molldrem, Jr.