UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC,
ZAHNER DESIGN GROUP LTD., HOOKLESS
SYSTEMS OF NORTH AMERICA, INC., SURE FIT
HOME PRODUCTS, LLC, SURE FITE HOME DÉCOR
HOLDINGS CORP., and SF HOME DÉCOR, LLC,

        Plaintiffs,

   -v-

KARTRI SALES COMPANY, INC., and MARQUIS
MILLS, INTERNATIONAL, INC.,

        Defendants.

15 Civ. 10154 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

 Before the Court is defendants' motion for partial reconsideration of its April 16, 2020 summary judgment decision, Dkt. 297 ("MSJ Op."). Dkt. 300 ("MTR"). For the following reasons, the motion is denied.

 Defendants' motion is governed by Federal Rule of Civil Procedure 59(e) and S.D.N.Y. Local Civil Rule 6.3. District courts "ha[ve] broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). "Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Coventry Capital US LLC v. EEA Life Settlements Inc.*, No. 17 Civ. 7417

(VM), 2020 WL 638524, at *4 (S.D.N.Y. Feb. 11, 2020) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

"The major grounds for justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Pishevar*, No. 19 Misc. 503 (JGK) (SDA), 2020 WL 1862586, at *2 (S.D.N.Y. Apr. 14, 2020) (quoting *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011)); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *King Cty. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 317, 319–20 (S.D.N.Y. 2012). "A [m]otion to [r]econsider, therefore, is not a motion in which a movant may reargue those issues already considered when a party does not like the way the original motion was resolved . . . .  Local Rule 6.3 should be narrowly construed and strictly applied to avoid repetitive arguments already submitted to the Court." *Evolution Fast Food Gen. P'ship v. HVFG, LLC*, No. 15 Civ. 6624 (DAB), 2018 WL 1779377, at *2 (S.D.N.Y. Mar. 28, 2018) (internal quotation marks and citations omitted); *see also Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x. 73, 75 (2d Cir. 2002); *In re GE Sec. Litig.*, 856 F. Supp. 2d 645, 651–52 (S.D.N.Y. 2012).

The Court assumes the parties' familiarity with the issues in this litigation and its summary judgment decision. Defendants raise three broad arguments in their motion. First, they challenge the Court's finding with regard to the '248 utility patent. MTR at 2–5. Second, they challenge the Court's findings regarding the '088 and '609 utility patents. *Id.* at 5–6. Finally, they argue that ownership of the EZ On mark, as between plaintiffs and non-party Carnation, must be resolved before litigation in this litigation can continue. *Id.* at 6–8.

Defendants' first argument is a recapitulation of their efforts to rely on the Court's *Markman* decision, and statements made by the Court during the *Markman* hearing, to argue that the claim term "approximately horizontal" cannot embody the relevant component of their shower curtain ring design.  The Court considered, and rejected, this argument for the detailed reasons given in its summary judgment decision.  *See* MSJ Op. at 11–13.  Defendants' other arguments regarding the '248 utility patent are similarly unavailing.  They track the same arguments made by defendants in their summary judgment briefs.  They amount to no more than a bid to "reargue those issues already considered when a party does not like the way the original motion was resolved."  *Evolution Fast Food Gen. P'ship*, 2018 WL 1779377, at *2.  The Court carefully considered, and rejected on the merits, each of these arguments.  Because defendants' offer no "intervening change in controlling law," "availability of new evidence," or "clear error" resulting in a "manifest injustice," the Court denies defendants' motion for reconsideration as to the '248 utility patent.  *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Defendants' second set of arguments, regarding the '609 and '088 utility patents, is equally unavailing.  As to these utility patents, defendants argue that the Court's ruling is inconsistent with its construction in its *Markman* decision of the term "projecting edge" and "next to said slit." *See* MSJ Op. at 14–15.  Here, too, defendants' argument is a summary of the same argument by defendants that the Court carefully considered and rejected on the merits at summary judgment.  For those same reasons, the Court denies defendants' motion for reconsideration as to the '609 and '088 utility patents.

Finally, defendants ask for reconsideration as to a portion of the Court's ruling regarding the disputed EZ ON mark.  As to this claim, the Court denied defendants' motion for summary judgment, finding that materially disputed facts needed to be resolved by a fact finder.  *See* MJ

3

For the foregoing reasons, defendants' motion for reconsideration is denied in its entirety.

The Court respectfully directs the Clerk of Court to terminate the motion pending at docket 300.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 4, 2020
        New York, New York

5