UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., AND HOOKLESS SYSTEMS OF NORTH AMERICA, INC, SF HOME DECOR, LLC, SURE FIT HOME DÉCOR HOLDINGS CORP., SURE FIT HOME PRODUCTS, LLC.<br><br>        Plaintiffs,<br><br>v.<br><br>KARTRI SALES COMPANY, INC. AND MARQUIS MILLS, INTERNATIONAL, INC.<br><br>        Defendants. | Civil Action No.:<br><br>1:15-cv-10154 (PAE)(RLE) |

**[PROPOSED] JOINT PRETRIAL ORDER**

Having conferred among themselves and with the Court pursuant to Rule 16, Fed. R. Civ. P., the parties adopt the following statements, directions, and agreements as the Pretrial Order:

I.    TRIAL COUNSEL:

At trial, Plaintiffs Focus Products Group International, LLC, SF Home Décor, LLC, Sure Fit Home Décor Holdings Corp., and Sure Fit Home Products, LLC (collectively, "Focus"), Zahner Design Group, Ltd. ("ZDG"), and Hookless Systems of North America, Inc. (HSNA) (collectively all "Plaintiffs") will be represented by:

    Morris E. Cohen
    Lee A. Goldberg
    Limor Wigder
    Goldberg Cohen LLP
    1350 Avenue of the Americas, 3rd Floor
    New York, New York 10019
    Tel:   (646) 380-2084 (Mr. Cohen's direct line)
           (201) 960-0009 (Mr. Goldberg's direct line)

        (646) 380-2463 (Ms. Wigder's direct line)
Fax:   (646) 514-2123
MCohen@GoldbergCohen.com
LGoldberg@GoldbergCohen.com
LWigder@GoldbergCohen.com

Defendants Kartri Sales Company, Inc. ("Kartri") and Marquis Mills, International ("Marquis")

(collectively "Defendants"), will be represented by:

    Bernhard P Molldrem, Jr.
    Law Office of Bernhard Molldrem
    224 Harrison, Suite 200
    Syracuse, NY 13202
    Tel:   (315) 422-4323
    Fax:   (315) 422-4318
    Molldrem@dreamscape.com

    Angela Foster
    Law Office of Angela Foster
    2906 Birchwood Court
    North Brunswick, New Jersey 08902-3933
    Tel:   (732) 821-9363
    Fax:   (732) 821-4692
    afoster@fosteratlaw.com

    Counsel for Defendant Kartri

    &

    Donald J. Cox, Jr.
    Law Offices of Donald Cox, LLC
    103 Carnegie Center, Suite 300
    Princeton, NJ 08540
    Tel:   (609)921-1166
    Fax:   (609)921-8131
    Coxd@iplawonline.com

    Counsel for Defendant Marquis

II.      SUBJECT MATTER JURISDICTION

**By Plaintiffs:**

This is an action for patent infringement arising under the Patent Laws of the United States, and for trademark infringement and unfair competition under federal law and the laws of the State of New York. The patent claims arise under 35 U.S.C. §101 *et seq.* (including 35 U.S.C. §271), and the federal trademark and unfair competition claims arise under 15 U.S.C. §1125(a). This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338, and has jurisdiction over the state claims under 28 U.S.C. §1338(b) and further pursuant to its supplemental jurisdiction under 28 U.S.C. §1367. The state claims asserted herein are so related to the federal claims as to form part of the same case or controversy.

**By Defendants:**

Defendants concur with Plaintiff's Statement as to the Court's subject matter jurisdiction.

III.     CLAIMS AND DEFENSES:

**By Plaintiffs**:

A.     The following claims by Plaintiff in its Fourth Amended Complaint (FAC), remain to be tried:

(1)    Under Count I, Plaintiffs' damages for Defendants' infringement of Plaintiffs' utility-patents-in-suit under 35 U.S.C. §284;

(2)    Under Count I, Plaintiffs' claims that Defendants engaged in willful infringement with respect to Plaintiffs' utility-patents-in-suit (and associated claims for enhanced damages due to the willfulness of the infringement);

(3) Under Count II, liability, damages, and injunctive relief for both Defendants' federal infringement and unfair competition as to Plaintiffs' trade dress under 15 U.S.C. §1125(a);

(4) Under Count II, liability, damages, and injunctive relief for both Defendants' federal infringement and unfair competition as to Plaintiffs' EZ-ON trademark under 15 U.S.C. §1125(a);

(5) Under Count II, liability, damages, and injunctive relief for Defendant Kartri's federal infringement and unfair competition as to Plaintiffs' registered Hookless® brand trademark under 15 U.S.C. §1125(a);

(6) Under Count III, liability, damages, and injunctive relief for both Defendants' unfair competition under New York law;

(7) Under Counts I, II, and III, respectively, Plaintiffs' attorneys' fees for: the patent infringement under 35 U.S.C. §285; the trademark and trade dress claims under 15 U.S.C. §1117; and the New York state law unfair competition claims under New York law, including for Defendants' willful infringement.

(8) Plaintiffs' prior motion for summary judgment re patent damages (Dkt. 243 at 20-22) was previously denied without prejudice by the Court (Dkt. 297 at 30) because the Court held that liability is far from resolved. Since then, the Court clarified that Defendants' are liable for infringement of the three utility patents-in-suit. Accordingly, the aspect of Plaintiffs' summary judgment motion relating to damages for that infringement potentially remains open for adjudication by the Court to narrow issues for trial, or otherwise remains open for trial.

(9) Plaintiffs' prior motion to preclude (Dkts. 246 and 275) remains pending for adjudication before trial.

(10) Plaintiffs' Plaintiffs' prior motion for summary judgment re trademark damages (Dkt. 243 at 19-20) was previously denied without prejudice by the Court (Dkt. 297 at 30). Depending on the Court's disposition of the pending motion to preclude (Dkts. 246 and 275), the aspect of Plaintiffs' summary judgment motion relating to the scope of the damages for trademark infringement potentially remains open for adjudication by the Court to narrow issues for trial, or otherwise remains open for trial.

(11) this aspect of the Plaintiffs' motion potentially remains pending for adjudication by the Court before trial.

B.  <u>The following are Plaintiffs' previously asserted claims which were resolved by this Court or otherwise not to be tried at this time:</u>

(1) Under Count I, Plaintiffs' cause of action for utility patent infringement was resolved by this Court on summary judgment. The Court determined that the Defendants infringe the three utility patents-in-suit. Dkt. 297 at 31 (grant of summary judgment), and Dkt 312 at 17 (clarifying that, based on the Court's rulings in the Court's April 16, 2020 Decision at Dkt. 297, Plaintiffs are entitled to summary judgment on the utility patent infringement claim).

(2) Under Count I, Plaintiff's cause of action for design patent infringement was stayed by mutual consent of all parties and the Court in view of pending Reexamination Proceedings filed by Kartri before the U.S. Patent Office.

(3) Under Counts II and III, Plaintiffs' claim as to the legal non-functionality of its trade dress was resolved by this Court on summary judgment. The Court ruled that the trade dress is non-functional. Dkt. 312 at 7-8.

C. <u>The following are Defendants' defenses which remain to be tried</u>:

(1) Defendant Marquis's Second Counterclaim alleging non-infringement of the EZ ON trademark was denied on summary judgment, so it remains to be tried (Dkt. 297 at 31);

(2) Defendant Marquis' Second Counterclaim alleging non-infringement of plaintiffs' trade dress was denied on summary judgment so it remains to be tried.  Dkt 312 at 17.

(3) Defendant Marquis's Ninth Counterclaim alleging invalidity of the EZ ON trademark was denied on summary judgment and remains to be tried.  Dkt. 297 at 22, 31;

(4) Defendant Marquis's Eleventh Counterclaim alleging invalidity of plaintiffs' trade dress remains to be tried.  Dkt. 312 at 17;

(5) Defendants' positions below regarding standing and indispensable parties include positions that are legally incorrect, and are for resolution by the Court before or at trial.

D. <u>The following are Defendants' previously asserted defenses which were resolved by this Court or otherwise not to be tried at this time</u>:

(1) Defendant Kartri's First Counterclaim alleging tortious interference and monopolization was dismissed.  Dkt. 297 at 32.

(2) Defendant Marquis's First Counterclaim alleging non-infringement of the '078 design patent was stayed by mutual consent of all parties and the Court in view of pending Reexamination Proceedings filed by Kartri before the U.S. Patent Office.

(3) Defendant Marquis's First Counterclaim alleging non-infringement of the '248, '609, and '088 utility patents:  Defendants' motion for summary judgment of non-infringement was denied (Dkt. 297 at 32), and Plaintiffs' summary judgment of infringement was granted (Dkt. 312 at 17).

(4)     Defendant Marquis's Second Counterclaim alleging non-infringement of the HOOKLESS® trademark was dismissed by the parties on mutual consent since Defendant Marquis is not accused of infringing the HOOKLESS® trademark (as opposed to Defendant Kartri who is accused).

(5)     Defendant Marquis's Third Counterclaim alleging patent invalidity for alleged lack of inventorship was dismissed on consent.  Dkt. 297 at 31.

(6)     Defendant Marquis's Fourth Counterclaim alleging invalidity of the '248 utility patent was dismissed by the Court on summary judgment.  Dkt. 297 at 32.

(7)     Defendant Marquis's Fifth Counterclaim alleging invalidity of the '609 utility patent was dismissed by the Court on summary judgment.  Dkt. 297 at 32.

(8)     Defendant Marquis's Sixth Counterclaim alleging invalidity of the ''088 utility patent was dismissed by the Court on summary judgment.  Dkt. 297 at 32.

(9)     Defendant Marquis's Seventh Counterclaim alleging invalidity of the '078 design patent was stayed by mutual consent of all parties and the Court in view of pending Reexamination Proceedings filed by Kartri before the U.S. Patent Office.

(10)    Defendant Marquis's Eighth Counterclaim for patent misuse was dismissed by the Court on summary judgment.  Dkt. 297 at 32.

(11)    Defendant Marquis's Tenth Counterclaim alleging invalidity of the HOOKLESS® trademark was dismissed by the Court on summary judgment.  Dkt. 297 at 32.

(12)    Any other "defenses" below are not properly to be tried.

**By Defendants:**

<u>Noninfringement</u>

The use by Defendants' trademark HOOKLESS and trade dress for Hookless is non-infringing fair use. Defendants' alleged use, if any, of a Plaintiff's mark, Hookless is of the descriptive meaning, rather than its secondary meaning. Specifically, consumers do not always associate the word hookless with Plaintiff or a brand belonging to Plaintiff, but as a type or genus of shower curtain.  Also, it is the customers, not the Defendants who use a version of the Plaintiffs' mark.  The Defendants used their own mark, Ezy Hang. There is no likelihood of confusion with the mark Hookless. Hookless lacks distinctiveness and has become generic.

Plaintiffs' trade dress is embodied only in their HOOKLESS shower curtain. That product only has circular, round rings, which are markedly different in appearance from the D-shaped rings in Defendant's accused shower curtains. Neither non-functionality nor secondary meaning has been established for Plaintiffs' trade dress.  Regardless, the different look between the Plaintiffs' and Defendants' product results in no one in the trade being confused or misled by the appearance of the Defendants' shower curtains

There is no likelihood of confusion between Plaintiff's mark, EZ On and Ezy Hang.  The Plaintiffs' alleged unregistered mark EZ On lacks secondary meaning and is generic.

EZ On and Ezy Hang are sold in vastly different markets. Specifically, EZ On is sold to consumers, while Ezy Hang is sold to to professional commercial buyers in the hospitality industry.  Similarly, Hookless is sold to consumers, while Defendant Kartri's curtains are sold to the hospitality industry.   EZ On shower curtains are sold exclusively to the retail or consumer market.

Defendants have not engaged in bad faith to trade off of the good will of Plaintiffs' trademarks and common law trade dress nor to infringe Plaintiffs' patents or otherwise unfairly compete with Plaintiffs.

Marquis is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing Plaintiffs common law trade dress.

Indispensable Party

Plaintiffs have failed to name or join an indispensable party or parties to the present action, including but not limited to Carnation Home Fashions, who may have an ownership interest in Plaintiffs' common law trademark and trade dress.

Plaintiffs' common law trademark and trade dress are not owned by Plaintiffs.

Product Marking

Plaintiffs and/or their licensees have failed to mark product packaging and/ or marketing materials displaying Plaintiffs' common law trademark and trade dress with notice to identify the source of the goods to establish secondary meaning. Consequently, Plaintiffs' common law trademark and trade dress are invalid as lacking secondary meaning.

Plaintiffs and/or their licensees have used Plaintiffs' trademarks and common law trade dress in marketing and advertising in generic and/ or functional terms and features. Consequently, Plaintiffs' common law trademark and trade dress are invalid as being generic and merely descriptive of the goods sold.

Functional Trade Dress

Plaintiffs' common law trade dress as claimed in the 4AC uses all functional features inherent in either all grommet curtains or all slotted grommet curtains.

Lack of Standing

Plaintiff lacks standing to assert infringement regarding EZ On because Plaintiff has not established ownership of the mark, EZ On.

Plaintiffs lack standing to assert trade dress of third-party Carnation Home Product's shower curtain.

Trade Dress Invalidity

Plaintiffs and Counterclaim Defendants allege of common law rights in trade dress of a shower curtain including the visual appearance of:

> a. a shower curtain wherein the curtain lacks any hooks protruding above the upper edge of the curtain, so that Plaintiffs' shower curtain provides the visual appearance of an essentially "neat" and "orderly" upper edge;
>
> b. and wherein the shower curtain has a row of rings along the upper portion of the shower curtain, those rings being attached to the material of the shower curtain such that the bottom surface of each ring (on one or both sides of the shower curtain) is essentially coplanar with the material of the shower curtain, also providing an essentially "neat" and "orderly" appearance;
>
> c. wherein each ring includes a slit or gap in the ring;
>
> d. and wherein the shower curtain's rings or pairs of rings, and the associated slits or gaps, are each fixed in place on the shower curtain and provide an organized and symmetrical repeating visual pattern along the top width of the shower curtain.

The common law rights in Plaintiffs and Counterclaim Defendants' trade dress is invalid for failure to comply with one or more of the requirements for common law rights and

infringement, including those set forth in the Lanham Act, 15 U.S.C. §1051 et seq. Plaintiffs have no records prior to the recitation in this lawsuit to support the existence of the trade dress definition above.  The are no business records establishing or acknowledging ownership, licensing rights, advertising to establish secondary meaning and goodwill in the trade dress definition.

Marquis is entitled to a declaratory judgment that Plaintiffs and Counterclaim Defendants' trade dress is invalid and void as a matter of law.

Damages

Defendants assert the following defenses or responses to Plaintiffs damages claims: (1) patent infringement: (i) profit disgorgement and lost profits are not appropriate or available as Plaintiffs do not sell a competing product covered by the patents in suit, rather Plaintiffs sell a non-infringing alternative product among other issues, and (ii) with regard to application of a reasonable royalty the damages period is limited by latches and equitable estoppel running from the bad faith late filing of terminal disclaimer in the US Patent and Trademark Office altering the perceived scope of the patents in suit; and (2) trademark and trade dress infringement: (i) for disgorgement under Section 35(a) of the Lanham Act, Plaintiffs have not sufficiently established competing sales in the same market using the defined trade dress or the EZ ON mark and failed to lay foundation establishing third party requests for hookless curtains should cover all of Defendant Kartri's sales, and (ii) for licensing Defendants will be able to establish defenses against such an award.

IV.   TRIAL BY JURY

The parties are in agreement that this case is to be tried with a jury.

The parties anticipate that the trial will last approximately four to five (4-5) days.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedures, the defendants request bifurcation of the liability and damages issues into a two staged trial. Plaintiffs object to any bifurcation.

V.   TRIAL BY MAGISTRATE JUDGE

The parties do not consent to have this case tried by Magistrate Judge Aaron.

VI.   STIPULATED STATEMENTS OF FACT AND LAW

The parties stipulate to the fallowing statements of fact and law:

1. Zahner Design Group, Ltd. is a New York corporation.

2. Hookless Systems of North America, Inc. is a New York corporation.

3. Focus is an Illinois corporation.

4. Kartri Sales Company, Inc. is a Pennsylvania corporation.

5. Marquis Mills International, Inc. is a New Jersey corporation.

VII.   WITNESSES

**By Plaintiffs:**

Plaintiffs reserve the right to call the following witnesses in their case in chief (unless otherwise indicated as rebuttal or impeachment witnesses). As to any live testimony, Plaintiffs respectfully reserve the right to call the witness via a video conference.

1. Robert Burbank. It is expected that Mr. Burbank will testify in his capacity as Plaintiff Sure-Fit's CEO concerning Plaintiffs' business (and particularly with respect to the

hospitality industry), Plaintiff's corporate structure and licensing from Plaintiffs HSNA and ZDG, recognition of Plaintiffs' trademarks and trade dress, Defendants' accused infringements and unfair competition,[1] the effect of Defendants' infringements and unfair competition on Plaintiffs' business in the marketplace, and Plaintiffs' damages.  Mr. Burbank may be called live.

2. Samantha Dolph.  It is expected that Ms. Dolph will testify in her capacity as Defendant Kartri's Sales Operation Manager concerning Defendant Kartri's business, Kartri's awareness of Plaintiffs' products and intellectual property, the accused infringements and unfair competition, sales of the accused infringements, Kartri's willful infringement, and any other issues addressed in her deposition.  Ms. Dolph may be called live or via her deposition testimony.

3. Stacy Dubinski.  It is expected that Ms. Dubinski will testify in her capacity as Vice President of Marketing for Plaintiff Sure-Fit concerning marketing of Plaintiff's products and the intellectual-property-in-suit, secondary meaning of the trade dress, its non-genericism and its association with Plaintiffs, and likelihood of confusion caused by Defendants' activities.  Ms. Dubinski may be called live.

4. John Elmore.  It is expected that Mr. Elmore will testify in his capacity as Plaintiffs' expert witness on damages concerning Plaintiffs' business, Plaintiffs' lost profits and other damages, Defendants' revenues and profits, any damages issues associated with the infringement, and any other issues addressed in his expert report and/or deposition.  Mr. Elmore may be called live or via his deposition testimony.

5. Ryan Erickson.  It is expected that Mr. Erickson will testify in his capacity as Plaintiff Sure-Fit's Vice-President of Mass Market Retail Sales concerning Plaintiffs' products,

---

[1] All references by Plaintiff herein to Defendants' accused infringements and unfair competition collectively refer to their violations of both federal and state law.

sales of Plaintiffs' products to hospitality and retail, Defendants' products, the impact of the sales of Defendants products on Plaintiffs, likelihood of confusion due to Defendants' activities, lost sales, and lost profits.  Mr. Erickson may be called live.

6. Karen Goskowski.  It is expected that Ms. Goskowski will testify in her capacity as Defendant Kartri's President concerning Defendant Kartri's business, Kartri's activities with Defendant Marquis, Kartri's awareness of Plaintiffs' products and intellectual property, the accused infringements and unfair competition, sales of the accused infringements, Kartri's revenues and profits, Kartri's willful infringement, and any other issues addressed in her deposition.  Ms. Goskowski may be called live or via her deposition testimony.

7. Cheryl Hicks.  It is expected that Ms. Hicks will testify in her capacity as Defendant Kartri's Customer Support representative concerning Kartri's business, sales, customer service, and interactions with customers.  Ms. Hicks may be called live.

8. Sandra Kemp.  It is expected that Ms. Kemp will testify in her capacity as former Senior Vice President of Hospitality for Plaintiff Focus concerning Plaintiff's products, marketing of Plaintiff's products and the intellectual-property-in-suit, sales of Plaintiffs' products to hospitality, secondary meaning of the trade dress, its non-genericism and its association with Plaintiffs, Defendants' activities in the marketplace, the impact of the sales of Defendants products on Plaintiffs, likelihood of confusion due to Defendants' activities, lost sales and lost profits.  Ms. Kemp may be called live or via her deposition testimony.

9. David Kreilein.  It is expected that Mr. Kreilein will testify in his capacity as former Executive Vice President of Plaintiff Focus concerning Plaintiffs' business, Plaintiff's corporate structure and licensing from Plaintiffs HSNA and ZDG, Defendants' accused infringements, the effect of Defendants' infringements and unfair competition on Plaintiffs'

business in the marketplace, and Plaintiffs' damages.  Mr. Kreilein may be called live or via his deposition testimony.

10. Charles Kuehne.  It is expected that Mr. Kuehne will testify in his capacity as former Chief Financial Officer of Plaintiff Focus concerning Plaintiffs' business, Plaintiffs' lost profits and other damages, and any damages issues associated with the infringement and unfair competition.  Mr. Kuehne may be called live.

11. Patricia Kubus.  It is expected that Ms. Kubus will testify in her capacity as Defendant Kartri's President of Sales and Marketing, Vice-President, and Secretary concerning Defendant Kartri's business, Kartri's activities with Defendant Marquis, Kartri's awareness of Plaintiffs' products and intellectual property, the accused infringements and unfair competition, sales of the accused infringements, Kartri's revenues and profits, Kartri's willful infringement, and any other issues addressed in her deposition.  Ms. Goskowski may be called live or via her deposition testimony.

12. Dr. Harri Kytomaa.  It is expected that Dr. Kytomaa will testify in this capacity as Plaintiffs' expert witness on liability, to explain the utility patent infringement to the jury as part of their assessment of the willfulness of the infringement.  Dr. Kytomaa is expected to be called live.

13. Lawrence Mayer.  It is expected that Mr. Mayer will testify in his capacity as the former owner of Carnation Home Fashions concerning its license agreement with Plaintiffs (and predecessors-in-interest), and the EZ-ON trademark.  Mr. Mayer may be called live or via his deposition testimony.

14. David Middleberg.  It is expected that Mr. Middleberg will testify in his capacity as Defendant Marquis' Director of Global Operations President concerning Defendant Marquis'

business, its activities with Defendant Kartri, Marquis' awareness of Plaintiffs' products and intellectual property, the accused infringements and unfair competition, sales of the accused infringements, Marquis' revenues and profits, Marquis' willful infringement, and any other issues addressed in his deposition. Mr. Middleberg may be called live or via his deposition testimony.

15. Joseph Ranieri. It is expected that Mr. Ranieri will testify in his capacity as the owner of Defendant Marquis concerning Defendant Marquis' business, its activities with Defendant Kartri, Marquis' awareness of Plaintiffs' products and intellectual property, the accused infringements and unfair competition, sales of the accused infringements, Marquis' revenues and profits, Marquis' willful infringement, and any other issues addressed in his deposition. Mr. Ranieri may be called live or via his deposition testimony.

16. Dr. James Roberts. It is expected that Dr. Roberts will testify in his capacity as Plaintiffs' expert witness on liability concerning the intellectual-property-in-suit, secondary meaning of the trade dress, its non-genericism and its association with Plaintiffs, and Defendant's trademark and trade dress infringement and unfair competition, including likelihood of confusion caused by Defendants' activities. Dr. Roberts may be called live or via his deposition testimony.

17. Mayank Singh. It is expected that Mr. Singh will testify in his capacity as Managing Director of Centre Lane Partners and ZM Equity Partners concerning Plaintiffs' business, Plaintiff's corporate structure and licensing from Plaintiffs HSNA and ZDG, Defendants' accused infringements, the effect of Defendants' infringements and unfair competition on Plaintiffs' business in the marketplace, and Plaintiffs' damages. Mr. Singh may be called live or via his deposition testimony.

18. Jeffrey Werner. It is expected that Mr. Werner will testify in his former capacity as Plaintiff Sure-Fit's CEO concerning Plaintiffs' business (and particularly with respect to the hospitality industry), Plaintiff's corporate structure and licensing from Plaintiffs HSNA and ZDG, recognition of Plaintiffs' trademarks and trade dress, Defendants' accused infringements and unfair competition, the effect of Defendants' infringements and unfair competition on Plaintiffs' business in the marketplace, and Plaintiffs' damages. Mr. Werner may be called live.

19. Adrian Whipple. It is expected that Mr. Whipple will testify in his capacity as Chief Financial Officer of Plaintiff Sure-Fit concerning Plaintiffs' business, Plaintiffs' lost profits and other damages, and any damages issues associated with the infringement and unfair competition. Mr. Whipple may be called live.

20. David Zahner. It is expected that Mr. Zahner will testify in his capacity as owner of Plaintiff ZDG and Plaintiff HSNA, and in his capacity as inventor, designer, and owner, of the intellectual-property-in-suit concerning any of the aspects of the present litigation, including, for example, Plaintiff ZDG and HSNA's business, the intellectual-property-in-suit, licensing of the intellectual-property-in-suit, secondary meaning of the trade dress, its non-genericism and its association with Plaintiffs, Defendants' accused infringements and unfair competition, likelihood of confusion caused by Defendants and the effect thereof, and Plaintiffs' damages. Mr. Zahner may be called live or via his deposition testimony.

21. Plaintiffs also reserve the right to call any of the witnesses on Defendants' witness in Plaintiffs' case-in-chief or on rebuttal, for any of the subjects listed in Defendants' witness list below, and/or addressed in those individuals' depositions.

**By Defendants:**

| Witness | Expected Areas of Testimony | Type of Testimony |
|---|---|---|
| Karen Gostkowski – Kartri owner | Products sold at Kartri | In-person |
| Patricia Kabus - Kartri owner | Sales and marketing, costs and profits at Kartri | In-person |
| David Middleberg – Director of Global Sales Marquis Mills | Origin of Ezy Hang product, Hookless and HOOKLESS | In-person |
| Joseph W. Ranieri – Marquis Mills owner | Sales, profits of accused product | In-person |
| Samantha Dolph – Salesperson Kartri | Sales methods and procedures for Kartri | In-person |
| Lawrence Myers – V.P. Sure-Fit Home Décor Holding Corp/Pres of Carnation Home Fashions. | EZ On trademark, ownership and product design | In-person |
| Paul Carlson | Trade Dress and design patents | In-person |
| Paul Hatch | Defendants' Patent, Trademark and Trade Dress Expert | In-person |
| Graham Rogers | Defendants' Damages Expert | In-person |
| James Roberts | Plaintiffs' Trademark and Trade Dress Expert | In-person |
| David Zahner, Plaintiff | Inventor and Owner of Patents | In-person |
| David Kreilein for Focus Officer | Knowledge of Focus products | In-person |
| Sandra Kemp {Current Title Unknown} | Knowledge of Surefit/ Focus IP enforcement. | In-person |
| John Elmore | Plaintiff's Damages Expert | In-person |

Defendants intend to cross examine Dr. Roberts, Mr. Elmore, Ms. Kemp, Mr. Kreilein, and Mr. Zahner, where Defendants reserve the right to submit deposition designations for any parties unavailable for cross-examination. Because Plaintiffs will present its case first, Defendants reserve the right to add to or otherwise supplement or modify the above witness list as Defendants continue to evaluate their defenses and proofs and, to the extent necessary, to respond to issues, subjects, or evidence that Plaintiffs raises in their case. Defendants also reserve the right to call at trial any witness on Plaintiffs' witness list.

VIII.	**DEPOSITION TESTIMONY DESIGNATIONS**

Plaintiffs' deposition designations, along with Defendants' objections and counter-designations thereto, are attached hereto as **Exhibit A**.

Defendants' deposition designations, along with Plaintiffs' objections and counter-designations thereto, are attached hereto as **Exhibit B**.

IX.	**EXHIBITS**

A schedule of Plaintiffs' trial exhibits, and any objections thereto by Defendants, are attached hereto as **Exhibit C.**

A schedule of Defendants' trial exhibits, and any objections thereto by Plaintiffs, are attached hereto as **Exhibit D.**

SO ORDERED:

Dated: _____  
New York, New York

_____  
Hon. Paul A. Engelmayer  
United States District Judge

CONSENTED TO:

By: */s/Morris E. Cohen*_____  
Morris E. Cohen (MC-4620)  
Lee A. Goldberg (LG-9423)  
Limor Wigder (LG-1986)  
GOLDBERG COHEN LLP  
1350 Avenue of the Americas, 3rd Floor  
New York, New York 10019  
646-380-2087 (phone)  
646-514-2123 (fax)  
MCohen@GoldbergCohen.com

By: */s/Bernhard P Molldrem*  
Bernhard P Molldrem, Jr.  
Law Office of Bernhard Molldrem  
224 Harrison, Suite 200  
Syracuse, NY 13202  
315-422-4323 (phone)  
315-422-4318 (fax)  
Molldrem@dreamscape.com

*/s/Angela Foster*

LGoldberg@GoldbergCohen.com
LWigder@GoldbergCohen.com

*Attorneys for Plaintiffs*

Angela Foster
Law Office of Angela Foster
2906 Birchwood Court
North Brunswick, NJ  08902-3933
Tel: (732) 821-9363
Fax: (732) 821-4692
afoster@fosteratlaw.com

*Counsel for Defendant Kartri*

By: */s/Donald J. Cox*
Donald J. Cox, Jr.
Law Offices of Donald Cox, LLC
103 Carnegie Center, Suite 300
Princeton, NJ 08540
609-921-1166 (phone)
609-921-8131 (fax)
Coxd@iplawonline.com

*Counsel for Defendant Marquis*