UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC,
ZAHNER DESIGN GROUP LTD., HOOKLESS
SYSTEMS OF NORTH AMERICA, INC., SURE FIT
HOME PRODUCTS, LLC, SURE FITE HOME DÉCOR
HOLDINGS CORP., and SF HOME DÉCOR, LLC,

                             Plaintiffs,

-v-

KARTRI SALES COMPANY, INC., and MARQUIS
MILLS, INTERNATIONAL, INC.,

                             Defendants.

15 Civ. 10154 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    On March 12, 2021, the Court set a briefing schedule for motions *in limine*. Dkt. 320. On April 15, 2021, plaintiffs ("Focus") filed five motions *in limine,* Dkts. 324–28; defendant Kartri Sales Co., Inc. ("Kartri") filed 12, Dkts. 330–337, 339, 341, 343, 344; and defendant Marquis Mills, International, Inc. filed three. Dkts. 338, 340, 342. On August 5, 2021, the Court issued a lengthy bench decision resolving Focus's motions. As to Focus's second motion *in limine*, however, the Court permitted the defense to file short letters regarding two anticipated defenses: one to the effect that Focus's damages are limited by the Smallest Salable Patent Practicing Unit ("SSPPU") doctrine, the other to the effect that Focus's products had a lack of product markings. The defense has now submitted its letter regarding the SSPPU defense.[1]

    In its second motion *in limine,* Focus claimed that defendants had forfeited their right to pursue an SSPPU defense by first raising it their rebuttal expert report. That defense, Focus

---

[1] By order dated August 10, 2021, the Court extended defendants' deadline to file a letter to the product marking issue until August 19, 2021. Dkt. 406.

noted, had been raised too late to be disclosed to Focus's damages expert prior to his submission of an expert report. Dkt. 325. In opposing that motion, the defense claimed that this defense in fact had been "fully developed in Defendants' Motion to exclude testimony of John Elmore [the plaintiff's expert] (Dkt. 342) as well as the Report of John Elmore (Dkt. 243-26)." Dkt. 381 at 2. On the Court's review of those exhibits, the Court did not find any portion of those materials that preserved that argument. In the interests of due caution, however, in issuing the August 5, 2021 bench ruling, the Court noted that conceivably it had overlooked some aspect of those materials that appropriately preserved an SSPPU-based defense. The Court accordingly authorized defendants to submit a letter that cited, by docket, page, and line number, filings demonstrating that the SSPPU defense was timely preserved.

In their newly filed letter, the defense points to two parts of the record that they claim preserved an SSPPU defense. Dkt. 399. Far from "fully developing" this defense, neither, however, did so at all.

First, defendants point to a June 20, 2017 supplemental response to an Interrogatory which states, in relevant part: "Marquis contends that damages should be assessed on the grommet profits currently costing $0.06 per unit and selling for $0.07 and a profit of $0.01 per unit, where damages for the '078 patent are for one side or half a grommet." Dkt. 399-1. That spare sentence does not, however, properly preserve the SSPPU argument. It does not reference SSPPU. And, importantly, it is directed to the defense's damages position regarding the '078 design patent, which is not at issue in the upcoming trial.

Second, defendants point to their expert's rebuttal report as to damages, which does indeed refer to the SSPPU defense, *see* Dkt. 399-2. But it was that report which prompted plaintiffs to move to preclude that defense as untimely raised, on the ground such a report was

2

too late a filing in which to first disclose such a defense. The Court's invitation in its bench ruling was to point to a portion of the record in which defendants had *earlier* raised the SSPPU defense, not to again point to the defense expert's rebuttal report. The Court reiterates that that report came far too late to preserve this theory of damages, in that its disclosure of this damages theory did not come until after the close of fact discovery and after plaintiffs had prepared their expert report on damages.

In sum, despite the additional opportunity that the Court gave defendants to demonstrate that their SSPPU defense was timely preserved, defendants have failed to do so. The Court thus precludes defendants at trial from introducing evidence, or making arguments, about SSPPU.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: August 10, 2021
New York, New York