UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC,
ZAHNER DESIGN GROUP LTD., HOOKLESS SYSTEMS
OF NORTH AMERICA, INC., SURE FIT HOME
PRODUCTS, LLC, SURE FIT HOME DÉCOR HOLDINGS
CORP., and SF HOME DÉCOR, LLC,

                              Plaintiffs,

                            -v-

KARTRI SALES CO., INC., and MARQUIS MILLS
INTERNATIONAL, INC.,

                            Defendants.

15 Civ. 10154 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      A bench trial in this case is scheduled to begin on June 27, 2022. This order resolves objections that defendants have made to the direct testimony, by declaration, of four plaintiffs' witnesses: Stacy Dubinski, Ryan Erickson, David Kreilein, and Charles Kuehne. Dkt. 463.[1]

      **1.**      **Stacy Dubinski Declaration (Dkt. 455-2)**

      Dubinski has held leadership roles in marketing, product management, new business development, eCommerce, and channel marketing with several companies, including Sure Fit Home Décor and Hollander Sleep and Décor ("Hollander Sleep"), which acquired Sure Fit in 2021. Dkt. 455-2 ¶ 4. Her experience spans more than 22 years. *Id.* ¶ 3. Defendants object to

---

[1] Defendants also object to the summaries of the deposition testimony of three other witnesses (Lawrence Mayer, Patricia Kubus, and Karen Goskowski). Dkt. 455. Because these summaries—as opposed to the deposition excerpts themselves—are not being offered in evidence, and would not be admissible if offered, the Court does not have occasion to consider these objections.

various statements in her declaration, on grounds of lack of foundation, hearsay, and relevance. Plaintiffs have responded at Dkt. 471-4.

For the reasons that follow, the Court overrules all of defendants' objections.

Defendants first object, on grounds of lack of foundation, to paragraphs 30–40, 42–44, 46–48, and 55–57 in Dubinski's declaration. These concern Sure Fit's (and its predecessors') promotion and advertising efforts, and the importance of packaging, *see* Dkt. 455-2 ¶¶ 30–33; the purchasing public's perception of the HOOKLESS® brand, the drivers of consumer demand, the importance of the hookless ring to the consumer experience and integrity of the product, and repeat purchaser behavior, *see id.* ¶¶ 34–35, 37, 44, 46–49, 55–57; the consumer's likely confusion between plaintiffs' and Kartri's products due to their similarity, *see id.* ¶¶ 38–39; and the competitive market relationship between the parties, *see id.* ¶ 36. In fact, the Court finds that Dubinski, by virtue of her roles in marketing and product management, and her personal knowledge of Sure Fit's marketing efforts, is amply qualified to testify to these matters.[2]

Defendants also object to Dubinski's statements in paragraph 40, which opines that Kartri's product "closely imitates" plaintiffs' EZ ON product; in paragraph 42, concerning the similarity in meaning of two phrases (whether to place a curtain "on" a rod is the same as to "hang" a curtain on a rod); and in paragraph 43, regarding the similarity in outward appearance

---

[2] With one qualification: Dubinski states in paragraph 38, that it is her "lay opinion that it is likely that an appreciable number of ordinarily prudent purchasers are likely to be misled" by Kartri's shower curtains. That statement tracks the *Polaroid* test, using which a court is to ascertain whether "an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question, or are likely to believe that the mark's owner sponsored, endorsed, or otherwise approved of the defendant's use of the mark." *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 517 (S.D.N.Y. 2012). To the extent Dubinsk's statement could be taken to offer a legal as opposed to a factual conclusion, the Court will disregard it.

of two shower curtain products. These lay opinions do not require special expertise, knowledge, training, or experience, and are within Dubinski's competence to articulate.

Defendants also object, on grounds of hearsay, to paragraphs 32, 40, 43–44, 46–49, and 55–57. Those paragraphs do not contain inadmissible hearsay. The statements therein are by Dubinski herself and are based on her personal knowledge.

Finally, defendants' object to paragraph 32 as irrelevant. Testimony as to advertising expenditures is relevant, including to HOOKLESS®'s secondary meaning.

### 2. Ryan Erickson Declaration (Dkt. 455-1)

Erickson is the vice president of sales for Hollander Sleep, which acquired Sure Fit in 2021. He has more than 20 years of experience in product sales and marketing. Dkt. 455-1 ¶¶ 2–3. Defendants object to various statements in his declaration, on grounds of lack of foundation, hearsay, and relevance. Plaintiffs have responded at Dkt. 471-3.

For the reasons that follow, the Court overrules all of defendants' objections.

Defendants object, on grounds of lack of foundation, to paragraphs 5, 10, 12–25, 27, 29–30, and 33–38. These statements concern Focus and Sure Fit's past and present advertising practices, *see* Dkt. 455-1 ¶ 5, the apparent visual and aural similarity between plaintiffs' and Kartri's shower curtain products, *see id.* ¶¶ 10, 15–16, 18, 20–21; crossover between the retail and hospitality markets, *see id.* ¶¶ 12, 14; consumer perception, associations, and purchasing behaviors in those two markets, *see id.* ¶¶ 12–13, 17–23, 25, 27; Focus and Sure Fit's concern that using the EZ ON Mark in the hospitality market would increase consumer confusion with the Ezy-Hang Mark already sold in that market, *see id.* ¶¶ 22, 24; Erickson's understanding as to the scope of the trade dress claim raised in this action, *see id.* ¶¶ 29–30; and the Zenna and Croydex trade dresses, commercialized by competitors who are not parties to this suit, and EZ

ON's differentiation from those trade dresses, *see id.* ¶¶ 33–38.  These statements have a proper foundation in Erickson's experience at Hollander Sleep as vice president of sales and his more than 20 years in marketing and sales of consumer products.

Defendants object, on grounds of hearsay, to paragraphs 4–5, 8–14, 17–23, 25, 27, 29, 30, and 33–38.  But the statements in these paragraphs do not contain out-of-court statements offered for the truth of the matter asserted.

Defendants object, on grounds of relevance, to paragraphs 5, 25, 33–34, and 36–38.  The statement in paragraph 5, concerning Focus and Sure Fit's past and present practice of awarding rebates to be used in advertising their curtains, are relevant to whether plaintiffs' marks and trade dress have acquired secondary meaning—specifically, to the factor of advertising spend.  The statement in paragraph 25, concerning consumer loyalty and "sticky" purchasing behavior, is relevant to the analysis of consumer goodwill.  And the statements in paragraphs 33, 34, and 36–38, regarding the scope of plaintiffs' trade dress are relevant to the scope of the protectable trade dress in this suit.

### 3. David Kreilein Declaration (Dkt. 455-3)

Kreilein is Focus's former executive vice president.  Defendants object to various statements in his declaration, on grounds of lack of foundation, hearsay, and relevance.  Plaintiffs have responded at Dkt. 471-1.

The Court again overrules all of defendants' objections.

Defendants object, on grounds of lack of foundation, to paragraphs 5–9 and 13–15.  The statements at issue concern Focus's name change to Sure Fit Home Décor LLC, *see* Dkt. 455-3 ¶ 5; public documentation to that effect signed by Kreilein, *see id.* ¶ 6; SF Home Décor's place of incorporation and principal place of business, *see id.* ¶ 7; the sale of Sure Fit Home Décor LLC

to SF Home Décor LLC and documentation to that effect, *see id.* ¶¶ 8–9; and Focus's prior dispute with Carnation over the EZ-ON trademark and trade dress, *see id.* ¶¶ 13–15. Kreilein was Executive Vice President of Focus at the time of these events. He clearly had a foundation in personal knowledge as to these matters.

Defendants object, on grounds of hearsay, to paragraphs 13–15. These paragraphs do not recite out-of-court statements by others for the truth of the matters asserted.

Defendants object, on grounds of relevance, to paragraphs 5–11. The statements here include ones about the affiliates of SF Home Décor at the time it executed the asset purchase agreement containing the intellectual property rights in dispute in this suit, *see id.* ¶ 10; and Sure Fit Home Décor Holdings's corporate structure at that time, *see id.* ¶ 11. The history recounted herein—including regarding plaintiffs' names, corporate structures, ownership, and transfer of assets—are relevant to this suit.

### D.     Charles Kuehne Declaration (Dkt. 455-4)

Kuehne is Focus's former chief financial officer. Defendants object to various statements in Kuehne's declaration, on grounds of lack of foundation and hearsay. Plaintiffs have responded at Dkt. 471-2.

The Court again overrules defendants' objections.

Defendants object on grounds of lack of foundation to paragraphs 5–12. These statements concern Focus's and Sure Fit's manufacturing and marketing capabilities—specifically their ability to meet demand for the orders that Focus and Sure Fit allegedly lost as a result of defendants' alleged infringement, *see* Dkt 455-4 ¶¶ 5–9—and that this infringement cost Focus and Sure Fit sales volume, *see id.* ¶¶ 10–12. As then-CFO, Kuehne has an obvious foundation to address the former topic. The Court also regards his lay opinion on the latter as

within his ken, recognizing that factors outside of Kuehne's personal knowledge will also likely be germane to the Court's assessment of the extent of any diminution of sales attributable to the infringement.

Defendants also object, on grounds of hearsay, to paragraphs 4 and 6–12. None of these recite out of court statements for the truth of the matter asserted.

SO ORDERED.

                                                    *Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 21, 2022
       New York, New York