UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
               :
FOCUS PRODUCTS GROUP INTERNATIONAL, LLC,  :
et al.,                                           :
               :     15 Civ. 10154 (PAE)
              Plaintiffs,     :
               :     ORDER
          -v-             :
               :
KARTRI SALES COMPANY, INC., et al.,     :
               :
             Defendants.   :
               :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the recent exchange of letters between plaintiffs Focus Products Group, International, LLC, et al. ("Focus") and defendant Kartri Sales Company, Inc. ("Kartri") regarding whether a curtain product purportedly sold by Kartri—which the parties refer to as "Hang2it"—violates the court-ordered injunction entered after trial. *See* Dkt. 519 (Focus letter); Dkt. 521 (Kartri response); Dkt. 522, 526 (Focus replies). The Court's assessment is as follows:

1. ***Focus has not waived this claim and is not precluded from pursuing it.*** In its opening letter, Focus claimed that Kartri, in its informal communications, has asserted that Focus had waived this claim by not pursuing in at trial. Dkt. 519 at 1-2. Kartri counters that it was misunderstood and that it does not claim waiver. Dkt. 521.

Regardless of whether Kartri at some point made such an assertion, Focus—substantially for the reasons its letter articulates—has not waived its right to challenge Hang2it, whether as a violation of the Court's post-trial injunction, as Focus proposes, or on other grounds. As Focus recounts, the Court ruled that Hang2it, having been introduced long after the outset of this case, was not a subject of discovery, and therefore was not properly within the scope of the trial. Dkt.

519 at 1–2 (citations omitted). That ruling does not prohibit Focus from contending either that Kartri, effective upon the issuance of the Court's post-trial injunction, has violated that injunction by marketing Hang2it, or that Kartri's actions in connection with Hang2it at any time—whether before, during or after trial—have violated Focus's rights.

2. ***Focus's challenges based on Hang2it are properly brought in a new lawsuit.***

The instant lawsuit has been structured around specific products manufactured or marketed by Kartri and its co-defendant Marquis Mills, Int'l, Inc. Extensive discovery was taken about those products. This discovery—testimonial, documentary, and expert—formed a significant part of the evidence at trial.

Depending on the nature, formulation, and scope of Focus's claim(s) against Kartri with respect to the Hang2it product, it is possible that discovery will need to be taken with respect to that product. And although Focus's proposal to center its case on the claim of a violation of the Court's post-trial injunction has the potential significantly to streamline the necessary discovery, some discovery about Hang2it may prove necessary to resolve even that claim, whether as to liability, damages, or both.

The Court's judgment is that it is prudent and right that Focus pursue its challenge to Hang2it in a separate action. Such will enable the instant case, which dates to 2015, to be closed, upon resolution of the outstanding fee issues, without the risk of delay attendant to litigation over Hang2it. It will also assure that Focus's claim(s) as to Hang2it are litigated with the formalities and rigor attendant to a plenary lawsuit. That said, the Court expects that—in light of Kartri's history of willful infringement as established in this case and in light of the substantial showing that Focus has previewed with its claim that Kartri's marketing of Hang2it infringes the Court's

injunction—Focus's claims would be litigated on an expedited, and potentially highly expedited, basis.

The Court accordingly declines to consider Focus's claims as to Hang2it in the context of the instant litigation.

Separately, the Court was pleased to note the appearance of new counsel for Kartri. The Court strongly encourages new counsel to examine Kartri's legal position with the expected rigor and neutrality, mindful of the history of this litigation, in which Kartri has been found to have undertaken infringing actions willfully, either without, or without heeding, sage guidance from seasoned counsel. The Court is hopeful that new counsel's entry will steer Kartri away from future infringing actions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 2, 2023
New York, New York

3