UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DÉCOR HOLDINGS CORP., *and* SF HOME D DÉCOR, LLC,

Plaintiffs,

-v-

KARTRI SALES COMPANY, INC., *and* MARQUIS MILLS INTERNATIONAL, INC.,

Defendants.

15 Civ. 10154 (PAE) (SDA)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received the parties' letters requesting a final judgment on plaintiffs' claim of infringement of U.S. Design Patent No. D746,078 ("the '078 patent"), and Marquis Mills International, Inc.'s ("Marquis") counterclaim for the invalidity of that patent. *See, e.g.*, Dkt. 323 at 6. The Court previously stayed these claims pending the result of reexamination proceedings, which resulted in the cancellation of the '078 patent in a reexamination certificate that issued February 28, 2023.

On March 25, 2023, the Second Circuit ordered the parties to request a final judgment on the remaining claims. Dkt. 534. On March 30, 2023, defendants requested an entry of judgment dismissing plaintiffs' infringement claim with prejudice, and dismissing Marquis's counterclaim as moot. Dkt. 535. On March 31, 2023, the Court directed plaintiffs to respond and to address, specifically, the appropriateness of dismissing with prejudice, as opposed to without prejudice. Dkt. 536. On June 1, 2023, plaintiffs moved to dismiss both the infringement claim and Marquis's counterclaim *without* prejudice. Dkt. 536.

Substantially for the reasons stated by plaintiffs, the Court dismisses both the '078 patent infringement claim and the invalidity counterclaim as moot, without prejudice. "[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013); *see* Dkt. 534 at 3 ("[S]uits based on cancelled claims must be dismissed." (quoting *Fresenius*, 721 F.3d at 1338)). And where a court dismisses cancelled patent claims as moot, it is "a dismissal for lack of jurisdiction," which, by definition, "is not a dismissal on the merits." *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1025 (Fed. Cir. 2016). Accordingly, the Court dismisses these claims as moot, and does so without prejudice. *See, e.g., Transp. Techs., LLC v. Los Angeles Metro. Transportation Auth.*, No. 15 Civ. 6423 (RSWL) (MRW), 2019 WL 2058630, at *2 (C.D. Cal. May 8, 2019) (dismissing cancelled claim as moot, without prejudice); *Lemaire Illumination Techs., LLC v. HTC Corp.*, No. 18 Civ. 00021 (JRG), 2019 WL 1489065, at *4 (E.D. Tex. Apr. 4, 2019) (same); *Puget Bioventures, LLC v. Biomet Orthopedics LLC*, 325 F. Supp. 3d 899, 904 (N.D. Ind. 2018) (same); *cf. Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14 Civ. 6544 (KAM) (GRB), 2018 WL 1525686, at *8 (E.D.N.Y. Mar. 27, 2018) (at summary judgment, dismissing plaintiffs' claim for infringement of cancelled patent without prejudice to defendants' ability to raise arguments relating to invalidity of patent in arguing that proceeding was brought in bad faith if litigation reached that phase).

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: June 5, 2023
       New York, New York