UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

                     :

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, :
ZAHNER DESIGN GROUP LTD., HOOKLESS      :           15 Civ. 10154 (PAE)
SYSTEMS OF NORTH AMERICA, INC., SURE FIT  :
HOME PRODUCTS, LLC, SURE FIT HOME DÉCOR  :         ORDER
HOLDINGS CORP., *and* SF HOME DÉCOR, LLC,   :

                     :

                Plaintiffs,     :

                     :

         -v-              :

                     :

KARTRI SALES COMPANY, INC., *and* MARQUIS  :
MILLS INTERNATIONAL, INC.,           X

               Defendants.

------------------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the parties' helpful letter briefs specifying the various open (and resolved) issues in this case. Dkts. 567–69. Given the range of outstanding issues, the Court's considered judgment is that it is most orderly to segregate these issues into several categories, each with a distinct briefing schedule.

The first set of such issues on which the Court commissions briefing involves issues of patent construction and infringement. These are:[1]

- ***Issue 2***: Claim construction of the patent-in-suit. *See Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, 156 F.4th 1259, 1273 (Fed. Cir. 2025).

- ***Issue 3***: Infringement as to the '248 patent. This issue is to be briefed by defendant Marquis, in light of the Federal Circuit's statement that defendant "Kartri waived its non-

---

[1] The issues are identified using the jointly agreed upon numbering from the parties' letter briefs. Dkts. 567–69.

infringement argument on appeal." *Id.* at 1286.  In the interest of completeness, however, the Court commissions briefing from plaintiffs and Kartri, as to implications, if any, for the infringement judgment against Kartri were the Court to find a lack of infringement of the patent by Marquis.

- *Issue 4*: Patent infringement as to the '609 patent.  The same instructions as to Issue 3 apply.

- *Issue 5*: Patent infringement as to the '088 patent.  The same instructions as to Issue 3 apply.

- *Issue 31*: Whether the infringements of these patents, if found, were willful.  *See id.* at 1288.

The Court sets the following briefing schedule (mindful of plaintiffs' unavailability between today and April 9):

1.  Plaintiff's opening letter-brief is due **April 24, 2026**.  It is limited to 30 (double-spaced) pages.

2.  Defendant's responses are due **May 7, 2026**.  They are limited to a combined 30 (double-spaced) pages.  Defendants are at liberty to file a joint submission.  Absent agreement among the defendants, each defendant's separate letter brief is limited to 15 (double-spaced) pages.

3.  Plaintiff's reply is due **May 14, 2026**.  It is limited to 15 (double-spaced) pages.

4.  The Court does not authorize any additional submissions.

The parties are further directed to submit updated Rule 7.1 disclosure(s) within 14 days of this order.

2

The Court expects shortly to issue a separate order setting out a briefing schedule as to a different set of open issues (not involving patent claims).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 2, 2026
   New York, New York

3