UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DÉCOR HOLDINGS CORP., *and* SF HOME DÉCOR, LLC,<br><br>Plaintiffs,<br><br>-v-<br><br>KARTRI SALES COMPANY, INC., *and* MARQUIS MILLS INTERNATIONAL, INC.,<br><br>Defendants. | 15 Civ. 10154 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

Today, the Court held, on remand from the Federal Circuit, that defendant Kartri alone infringed Focus's patents, that its infringement was not willful, and that neither defendant infringed Focus's trade dress or trademark. *See* Dkts. 586, 587.

In light of these rulings, the Court's prior damages calculations cannot stand.[1] The bases for a damages award against Kartri have been substantially narrowed. As to defendant Marquis, the Court's holdings on remand eliminate any direct liability on any claim, although an open issue remains based on the Federal Circuit's direction to the Court to consider on remand "whether a new damages trial is necessary to apportion damages between Kartri and Marquis and

[1] Previously, the Court awarded $970,324 in lost profits and $53,907 in reasonable royalties for both defendants' infringement of Focus's patents and trade dress, for the period from October 16, 2013 to November 15, 2018. *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, 647 F. Supp. 3d 145, 256–59 (S.D.N.Y. 2022). The Court then trebled those awards for willful infringement for the period from March 1, 2015 to November 15, 2018, producing a total award of $2,938,337. *Id.* The Court also granted $929,126.95 in attorneys' fees, as well as costs and pre- and post-judgment interest. *See Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, No. 15 Civ. 10154, 2023 WL 3815276, at *16 (S.D.N.Y. June 5, 2023).

among the three asserted patents," because it was "unclear on the record before [the Circuit] to what extent the patent damages verdict should be disturbed in light of our ruling today that Marquis is not liable for patent infringement." *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, 156 F.4th 1259, 1287 n.19 (Fed. Cir. 2025).

Both sides have identified damages and a potential fee award as issues that, on remand, require resolution. *See* Dkt. 567 at 11–13 (Focus); Dkt. 568 at 8–9 (Kartri and Marquis). The open issues are both calculative as to Kartri and whether joint and several liability is available as to Marquis. *Compare* Dkt. 567 at 11, *with* Dkt. 568 at 8.

Accordingly, the Court sets the following briefing schedule to address (1) the appropriate award as to damages and fees, in light of the Court's rulings on remand; and (2) whether joint and several liability is available. The parties should also address whether the Court can resolve these questions on the present record or whether additional evidence is needed. For the avoidance of doubt, the parties' submissions are to be limited to these questions. The briefing schedule is not an invitation to litigate or relitigate other issues.

- Plaintiffs' opening letter-brief is due November 23, 2026. It is limited to 30 (double-spaced) pages.
- Defendants' response is due December 9, 2026. It is limited to a combined 30 (double-spaced) pages. If defendants cannot agree on an allocation among them, Kartri is allotted 20 pages and Marquis is allotted 10 pages.
- Plaintiffs' reply, if any, is due December 16, 2026. It is limited to 15 (double-spaced) pages.

The Court further directs that, by November 16, 2026, *i.e.*, a week prior to the due date of plaintiffs' opening brief, counsel for all parties meet and confer with an eye to reaching agreement on these issues and obviating the need for briefing.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: November 5, 2026
New York, New York