**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP LTD., HOOKLESS SYSTEMS OF NORTH AMERICAN, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DÉCOR HOLDS CORP., AND SF HOME DÉCOR, LLC,

Plaintiffs,

vs.

KARTRI SALES CO., INC., AND MARQUIS MILLS INTERNATIONAL, INC.,

Defendants.

15 Civ. 10154 (PAE)

**KARTRI'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

Page(s)

I. RECONSIDERATION IS NOT APPROPRIATE HERE. ....1

II. PLAINTIFFS' IMPROPER ARGUMENTS. ....2

A. Plaintiffs' New Carnation Theory Provides No Basis for Reconsideration. ....2

B. Plaintiffs' Section 2(f) Registration Provides No Basis for Reconsideration. ....4

C. The Second and Sixth *Polaroid* Factors Should Not Be Revisited. ....5

D. The Court Correctly Balanced the *Polaroid* Factors in Kartri's Favor. ....8

E. There Is No Unfair Competition. ....8

F. The Court Correctly Found No Willfulness. ....8

III. CONCLUSION ....10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
No. 19 CIV. 10067 (PAE), 2023 WL 4249356 (S.D.N.Y. June 29, 2023) ..............................1

*Altman v. Bedford Cent. Sch. Dist.*
245 F. 3d 49 (2d. Cir. 2001)..........................................................................................2

*Caesars World, Inc. v. Venus Lounge, Inc.*.
520 F. 2d 269 (3rd. Cir. 1975) .......................................................................................9

*Cold War Museum, Inc. v. Cold War Air Museum, Inc.*,
586 F.3d 1352 (Fed. Cir. 2009).......................................................................................5

*Dejesus v. Malloy*,
582 F. Supp. 3d 82 (W.D.N.Y. 2022) ..............................................................................1

*Eastman Kodak Co. v. Agfa-Gevaert NV*,
560 F. Supp. 2d 227 (W.D.N.Y. 2008) *aff'd*, 351 F. App'x 441 (Fed. Cir. 2009) (summary order) ..........................................................................................8

*E.G.L. Gem Lab, Ltd. v. Gem Quality Inst., Inc.*,
90 F. Supp. 2d 277 (S.D.N.Y. 2000)................................................................................4

*Ernst Haas Studio, Inc. v. Palm Press, Inc.*,
164 F.3d 110 (2d Cir. 1999)............................................................................................1

*Ethridge v. Bell*,
49 F. 4th 674 (2d. Cir. 2022) ..........................................................................................1

*Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*,
156 F.4th 1259 (Fed. Cir. 2025) ..........................................................................2, 3, 4, 8

*Lichtenberg v. Besicorp Grp. Inc.*,
28 F. App'x. 73 (2d Cir. 2002) .......................................................................................1

*Tiffany & Co. v. Costco Wholesale Corp.*,
971 F. 3d 74 (2d. Cir. 2020)............................................................................................6

## Treatises

*1 McCarthy on Trademarks and Unfair Competition*,
§ 11:45 (5th Ed.) ...........................................................................................................6

Defendant Kartri Sales Company, Inc. ("Kartri") hereby respectfully submits its opposition to Plaintiffs' Motion for Partial Reconsideration (the "Reconsideration Motion" or "Motion," Dkt. 592). The Motion is improper and should be denied in all respects.

## I. Reconsideration Is Not Appropriate Here.

A motion for reconsideration "may be granted only in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ethridge v. Bell*, 49 F.4th 674, 688 (2d. Cir. 2022) (internal citation omitted). "A party may not use a motion for reconsideration to re-argue issues that have already been decided, present new theories or arguments that could have been raised earlier, seek a new hearing on the merits, or to otherwise take a second bite at the apple." *Dejesus v. Malloy*, 582 F. Supp. 3d 82, 85 (W.D.N.Y. 2022) (internal quotations and alterations omitted). *See also Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19 CIV. 10067 (PAE), 2023 WL 4249356, at *6 (S.D.N.Y. June 29, 2023) (Movant may not "reargue those issues already considered" because it "does not like the way the original motion was resolved" (quotation omitted)); *see also Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x. 73, 75 (2d Cir. 2002).

Here, Plaintiffs have not identified any change in law, new evidence, clear error, or manifest injustice. Rather, Plaintiffs seek to re-argue theories that the Court has already considered and rejected, present novel (erroneous) theories that could have been raised earlier, and attempt to confuse and distract the Court regarding the facts that underlay the Federal Circuit's trademark determinations. As set forth below, none of the arguments in Plaintiffs' Motion for Reconsideration should prevail. Moreover, they are now limited to these unavailing arguments and they are not allowed to introduce any new ones in their reply brief. *See, e.g., Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief.").

## II. Plaintiffs' Improper Arguments.

Each of the arguments in the Reconsideration Motion was either waived by being omitted from Plaintiffs' Opening Brief on Trade Dress and Trademark Issues and Willful Infringement (Plaintiffs' "Remand Trademark Brief," Dkt. 577) or already considered and rejected by this Court on remand.

### A. Plaintiffs' New Carnation Theory Provides No Basis for Reconsideration.

In their Remand Trademark Brief, Plaintiffs articulated their theory of infringement of the HOOKLESS® mark: "Kartri's use of 'Hookless' to market its products in direct communications with customers, to mislead those customers, was an infringement of Focus's federal rights to Hookless®." Dkt. 577 at 19. The Court considered and rejected this theory. November 5, 2026 Opinion & Order, ("Remand Trademark Opinion," Dkt. 587) at 24-27. Plaintiffs now assert a different theory of infringement, relating to the mark EZ ON, which at all relevant times was owned by third party Carnation Home Fashions, Inc. ("Carnation") *and not Plaintiffs.*[1] Plaintiffs

---

[1] Plaintiffs later—in 2021, deep into the litigation and long after the accused EZY Hang product was off the market—acquired EZ ON from its owner Carnation, perhaps in an attempt to bolster its claims in this case. Dkt. 414-1 at 14-15 ("Trademark Assignment" dated September 27, 2021). This attempt was unavailing; a plaintiff must have standing "when [it] brings suit." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d. Cir. 2001). During the original proceedings, Plaintiffs argued that similarity between EZY HANG and EZ ON gave rise to a claim of infringement of the EZ ON Mark, which it then claimed to own. Dkt. 501 at 98. This claim having been rejected by the Federal Circuit (*Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*,156 F.4th 1259, 1281-1283 (Fed. Cir. 2025)), Plaintiffs now claim that Carnation's use of EZ ON somehow helps them establish infringement ***of the mark HOOKLESS®*** instead.

now argue that "EZ ON is a Hookless® sub-brand, and by all appearances EZY HANG is the same mark or another sub-brand, part of a larger franchising operation." Dkt. 592 at 4 (quotations omitted).

First, the Carnation "sub-brand" theory should not be entertained, because it is wholly absent from Plaintiffs' Remand Trademark Brief. This is true whether the theory was created after the Federal Circuit held that Plaintiffs did not own the EZ ON Mark, or whether Plaintiffs alluded to it at some time during the original litigation, as they imply. *See* Dkt. 592 at 3-4. This Court did not adopt any such theory in its post-trial opinion. The appeal did not include it, and Plaintiffs did not put it forward in their Remand Trademark Brief. As such, it is now improper for Plaintiffs to submit it in a motion for reconsideration. *See* January 23, 2026 Order (Dkt. 566) at 2 (Directing that the Remand Trademark Briefs "should address whether the factual record is complete with respect to the claim and whether additional fact-finding is necessary for the Court to resolve that claim (both as to liability and, if liability is found, damages)").

Second, the theory is without merit and does not apply in this case. The Reconsideration Motion points to authority for the proposition that "a licensee's use of a trademark" "inures to the benefit of the licensor." Dkt. 592 at 3 (citing December 22, 2022 Opinion & Order (Dkt. 501) at 52). In this case, Carnation is the licensee of the Plaintiffs' patents and several registered HOOKLESS® trademarks. Carnation owned its own EZ ON brand. Thus, Carnation was a licensee of "HOOKLESS," and patents, but ***not** of the EZ ON Mark.* *See,* Carnation Agreement (Dkt. 339-2) at 2 (agreement defining "Licensed Patents" and "Licensed Trademarks"); *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.,* 156 F.4th 1259, 1282 (Fed. Cir. 2025).

The Reconsideration Motion argues that because Carnation licensed certain intellectual property from Plaintiffs, use of Carnation's own intellectual property (EZ ON) is somehow

credited to Plaintiffs. This makes no sense. Being a licensor of certain marks and patents does not give you intellectual property rights to a licensee's separate intellectual property that it owns. In other words: Carnation licensed certain pieces of intellectual property from Plaintiffs, but this does not automatically make Carnation's EZ ON brand a "sub-brand" of HOOKLESS®. Plaintiffs' attempt to persuade the Court into believing that EZY HANG infringes "HOOKLESS" under this new theory during briefing for a motion for reconsideration is improper.

In authority that Plaintiffs point to from this Court's prior opinion, the "license" in question was a license ***of the trademark(s) at issue***, not of other unrelated intellectual property. *See, e.g., E.G.L. Gem Lab Ltd. v. Gem Quality Inst., Inc.*, 90 F. Supp. 2d 277, 300 (S.D.N.Y. 2000) (discussing how the licensee's "use and promotion **of the licensed mark**" "inure[s] to the benefit of the owner" (emphasis added)). Moreover, Carnation was specifically ***not*** authorized to present itself as "a Hookless® sub-brand;" the license agreement provided that Carnation could use the phrase "with patented HOOKLESS® technology" on its products, but "***shall not*** use the trademark HOOKLESS® as a brand name" for those products. *See Focus v. Kartri*, 156 F.4th at 1282 (emphasis added) (quoting the licensing agreement).

Plaintiffs' new "sub-brand" motion for reconsideration theory should be rejected. Plaintiffs' assertion that "this Court found that 'customers frequently called Kartri demanding "Hookless" products' or that '50% of buyers inquiring about hookless shower curtains asked Kartri for Focus's products'" (Dkt. 592 at 4-5) is irrelevant, does not support this new theory, and does not change the fact that Plaintiffs' new sub-brand theory is improper.

**B. <u>Plaintiffs' Section 2(f) Registration Provides No Basis for Reconsideration.</u>**

In seeking to relitigate the Court's finding that Kartri used the term "hookless" in a descriptive manner (Reconsideration Brief at 5-6), Plaintiffs discuss their registration for the

HOOKLESS® word mark at length. Plaintiffs admit that the Trademark Office initially refused to register the word "hookless" as descriptive. However, Plaintiffs argue that the Trademark Office's eventual registration of the HOOKLESS® word mark under Section 2(f) means that the mark is "distinctive" and therefore not descriptive. Dkt. 592 at 5 (claiming that the Examiner agreed that "evidence that the Hookless mark had acquired distinctiveness (secondary meaning)" meant "that it could no longer be deemed descriptive."). Plaintiffs are wrong.

Plaintiffs suggest that "a ruling that the mark had acquired distinctiveness" cancels out the fact that the mark is "descriptive." *Id*. But trademarks can be both descriptive and distinctive. In fact, a claim under Section 2(f) is actually an admission that the mark is descriptive. *See Cold War Museum, Inc. v. Cold War Air Museum, Inc.*, 586 F.3d 1352, 1358 (Fed. Cir. 2009) ("[A]n applicant's reliance on Section 2(f) during prosecution presumes that the mark is descriptive."). Accordingly, the registration of the word mark HOOKLESS® provides no basis to revisit the Court's findings. The descriptiveness of the term "hookless" for hook-free shower curtains is actually *corroborated*, rather than countered, by the 2(f) amendment of the application for the HOOKLESS® word mark.

Furthermore, this argument should not be entertained because Plaintiffs did not include it or argue it in their Remand Trademark Brief. It is improper and untimely for them to raise it now.

**C. <u>The Second and Sixth *Polaroid* Factors Should Not Be Revisited.</u>**

Plaintiffs suggest that the Court should revisit its findings as to several of the *Polaroid* factors, namely factors two (similarity) and six (bad faith), but do not provide legitimate grounds to reconsider or alter either of them.

**<u>Factor Two.</u>** Regarding factor two, "similarity," the Court already analyzed both possible theories of similarity in detail ("a comparison of the HOOKLESS® and EZY HANG marks[, and]

a comparison of the HOOKLESS® mark and Kartri's use of the term 'hookless'"), and found the factor "heavily to favor Kartri." Dkt. 587 at 29. Plaintiffs challenge this finding by incorrectly claiming that the Court "overlooked" various facts, and putting forward erroneous legal theories, as set forth below. They present no new facts, new law, clear error, or manifest injustice that would justify a challenge to the Court's findings.

Acquired Distinctiveness Argument Is Unavailing. As set forth above, Plaintiffs' discussion of how they overcame rejection at the trademark office by showing "acquired distinctiveness" of their word mark is misleading. Plaintiffs argue that receiving a registration for HOOKLESS means that Kartri's use "cannot be shielded as merely being a use of a descriptive term." Dkt. 592 at 6. However, in *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74 (2d. Cir. 2020), the Second Circuit explicitly and squarely rejected this theory, stating: "There is nothing inherently absurd about a single word's being both a source identifier and a descriptive term within the same product class." 971 F.3d at 93-94. Kartri drew this to the Court's attention previously; *see* Defs.' Resp. Br. on Remand Regarding Trademark Issues ("Defendants'' Remand Trademark Brief," Dkt. 582) at 26-27; *see also 1 McCarthy on Trademarks and Unfair Competition* § 11:45 (5th ed.) ("By choosing a descriptive term, the trademark owner must live with the result that everyone else in the marketplace remains free to use the term in its original 'primary' or descriptive sense.")

This Court considered the issue of descriptive use in detail, including Plaintiffs' contention that Kartri's argument should not be considered due to waiver of a "fair use" defense (*see* Dkt. 587 at 24 & n.7); Plaintiffs' claim that the Court "overlooked" this (Dkt. 592 at 6-7, 6 n.3) is incorrect. The analysis that Plaintiffs propose now is contrary to law. The Court's analysis was correct, and Plaintiffs have identified no legitimate basis to reconsider it.

Purchasing Context Argument Has Been Rejected, Because It Is Wrong. In their Remand Trademark Brief, Plaintiffs argued: "Kartri sold a product that looked confusingly similar to Plaintiffs. And it marketed that product to customers in emails – that is, presented it in its purchasing context – as a 'Hookless' product." Dkt. 577 at 30; *see also id.* at 22. The Court did not overlook this argument, but considered it at length and rejected it in its Remand Trademark Opinion. *See* Dkt. 587 at 27 ("Taken as a whole, the record does not support a finding that Kartri's scattered use of the term 'hookless' resulted in its products being 'actually display[ed]' in a 'purchasing context' in a manner confusingly similar to HOOKLESS®"); 26-27 ("Kartri did not use the word 'hookless' on its packaging or in its public advertising. And it did not accompany its references to 'hookless' with the registered trademark symbol.") Regarding Plaintiffs' argument that "the quotes in the Opinion (Dkt. 587 at 25-25) show that Kartri used Plaintiffs' 'Hookless' mark with a capital H at times" (Dkt. 592 at 6), the quotes in the Opinion were analyzed in detail by the Court, and the Court explained its reasoning in connection with them (*see, i.e.*, "the description of EZY HANG as a "version of hookless" appeared if anything to distinguish Kartri's product from HOOKLESS® products", Dkt. 587 at 25 n. 8; "[t]his statement uses the term 'Hookless' descriptively", Dkt. 587 at 26). Plaintiffs' attempt to dispute these findings now (*e.g.,* Dkt. 592 at 7 ("Kartri's use **was** in a purchasing context," (emphasis in original))) in the absence of new facts or law should be rejected. Dissatisfaction with a prior finding is not a sufficient basis for a motion for reconsideration.

**Factor Six.** Regarding factor six, "bad faith," Plaintiffs argue similarity between EZY-HANG and EZ ON (Dkt. 592 at 7-8), but this argument was already considered and rejected by this Court. In its Remand Trademark Opinion, the Court noted that its prior analysis was "principally driven by" similarity between Kartri's EZY HANG mark and "EZ ON." Dkt. 587 at

31. The Federal Circuit has now held that Plaintiffs did not own the EZ ON Mark (156 F.4th at 1283), and when this Court re-evaluated the factor, it found that "the evidence now weighs substantially against a finding of bad faith." Dkt. 587 at 32. Plaintiffs' original argument regarding EZ ON has been considered and rejected, and as set forth above, its newly-concocted "sub-brand" theory is improper. Plaintiffs have identified no legitimate basis for the Court to revisit or reconsider its determination on this factor.

### D. <u>The Court Correctly Balanced the *Polaroid* Factors in Kartri's Favor.</u>

In its "Balance of Factors" argument, the Reconsideration Motion inexplicably continues to quote defunct determinations referring to "Focus's EZ-ON product" notwithstanding the Federal Circuit's clear statement that Plaintiffs did not own EZ ON. Dkt. 592 at 7-8; 156 F.4th at 1283. It also continues the misleading description of Carnation as "Plaintiff's authorized licensee." Dkt. 592 at 8. However, none of this is a basis for or justifies reconsideration of the Court's *Polaroid* analysis.

### E. <u>There Is No Unfair Competition.</u>

Plaintiffs' conclusory statement that the situation in this case "constitutes unfair competition under New York law" (Dkt. 592 at 8) likewise presents no basis for reconsideration of the Court's prior rulings. Plaintiffs identified no new facts, no new law, no clear error, and no manifest injustice.

### F. <u>The Court Correctly Found No Willfulness.</u>

In their Reconsideration Motion, Plaintiffs use the term "trademark willfulness." There is no such thing as "trademark willfulness" in the abstract. A court can enhance damages for infringement of a trademark when that infringement was willful, but a mark that is not infringed cannot as a matter of law have been willfully infringed. Dkt. 577 at 36, compiling cases, including

*Eastman Kodak Co. v. Agfa-Gevaert NV*, 560 F. Supp. 2d 227, 301 (W.D.N.Y. 2008) ("There can be no willful infringement where there is no infringement"), *aff'd*, 351 F. App'x 441 (Fed. Cir. 2009) (summary order). As such, since the Federal Circuit reversed infringement of the EZ ON Mark, and this Court found the functional and unprotectable trade dress not infringed, there can be no willfulness with regard to either. Further, neither of these determinations is challenged in this Reconsideration Motion, and the deadline to file any further reconsideration motions has passed.

The only "willfulness" that Plaintiffs could be referring to is willfulness in connection with the HOOKLESS® Mark.[2] Plaintiffs rehash their various "bad faith" and "willfulness" arguments that do not relate to HOOKLESS®, in an attempt to tie HOOKLESS® and EZ ON together. Plaintiffs should not be allowed to raise those arguments now in a Motion for Reconsideration about HOOKLESS®. This is not proper and should not be persuasive either.

As Defendants set forth in their Remand Trademark Brief, the issue of willfulness in connection with the HOOKLESS® mark was never addressed by the Court (Dkt. 501), and Plaintiffs did not bring it up in their appeal. Dkt. 582 at 29. This willfulness argument is waived. The Court has previously noted "Plaintiffs do not seek monetary damages for the infringement of the HOOKLESS® Mark." Dkt. 501 at 99 n.50. *See also* Dkt. 569 at 5 (Plaintiffs acknowledging that "Focus only sought injunctive relief not monetary damages" in connection with the HOOKLESS® mark). If there are no damages, there can be no enhanced damages. The enhanced damages provision of the Lanham Act "assumes an evidentiary basis for the award of some actual damages. . . . Three times zero is zero." *Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F. 2d 269 (3rd. Cir. 1975).

---

[2] The HOOKLESS® mark has also been found to be not infringed.

Where there is no infringement, there can be no willful infringement. This Court found that there was no infringement of HOOKLESS®, and Plaintiffs have put forward no legitimate grounds to seek reconsideration of that finding. The Court's finding that there is no infringement of HOOKLESS® should stand, and Plaintiffs' arguments regarding willful infringement of any trademark should not be entertained.

## III. CONCLUSION

For the reasons set forth above, Kartri respectfully submits that Plaintiffs' motion for reconsideration should be denied in its entirety.

Dated: November 25, 2026

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: *<u>/s/ Patrice P. Jean</u>*
Patrice P. Jean
Emma L. Baratta
Lynn M. Russo

One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
patrice.jean@hugheshubbard.com
emma.baratta@hugheshubbard.com
lynn.russo@hugheshubbard.com

*Attorneys for Defendant Kartri Sales Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served electronically on November 25, 2026 via the Court's CM-ECF system and by e-mail to Morris E. Cohen, MCohen@goldbergcohen.com (counsel for Plaintiffs) and Donald J. Cox, Jr., coxd@iplawonline.com (counsel for Defendant Marquis Mills International, Inc.).

Dated: New York, New York
November 25, 2026

By: *<u>/s/ Patrice P. Jean</u>*
Patrice P. Jean

**CERTIFICATION UNDER LOCAL CIVIL RULES 7.1 & 6.3**

Pursuant to Local Civil Rule 7.1 and Local Civil Rule 6.3, I certify that KARTRI'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION complies with the word limit requirement. The Brief is 2953 words.

Dated: New York, New York
November 25, 2026

By: *<u>/s/ Patrice P. Jean</u>*
Patrice P. Jean